IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ERIC C. YOUNGBLOOD, SR., *et al*., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:19-cv-1072-ECM |
| | ) (WO) |
| CITY OF GEORGIANA, ALA., *et al*., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION and ORDER**

Now pending before the court is the Report and Recommendation of the Magistrate Judge (doc. 68) which recommends that Defendant Rogers' motion to dismiss (doc. 49) be granted, and Defendant Castleberry's motion to dismiss or in the alternative motion for summary judgment (doc. 50) and the Plaintiffs' motion for summary judgment (doc. 57) be denied.   On March 30, 2021, Defendant Castleberry filed Objections to the Recommendation (doc. 70), and on April 13, 2021, the Plaintiffs filed Objections (doc. 72).

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo*.   28 U.S.C. § 636(b)(1).   The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions."   Fed. R. Civ. P. 72(b)(3).   *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990).   However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific to warrant *de novo* review.   *See Stokes v.*

*Singletary,* 952 F.2d 1567, 1576 (11th Cir. 1992) ("[w]henever any party files a timely and specific objection to a finding of fact by a magistrate, the district court has an obligation to conduct a *de novo* review of the record with respect to that factual issue") (quoting *LoConte v. Dugger,* 847 F.2d 745, 750 (11th Cir. 1988)).

## DISCUSSION

### A.  Youngbloods' Objections

The Court first addresses the Plaintiffs' objections to the Magistrate Judge's Recommendation that Defendant Rogers' motion to dismiss be granted.  The Plaintiffs object that because Rogers "was acting in an investigative capacity," she is not entitled to absolute immunity.  (Doc. 72).  It is undisputed that Defendant Rogers is the City Clerk/Magistrate for the City of Georgiana.  The law is well established that a state judge is absolutely immune from civil liability for acts taken pursuant to her judicial authority. *Forrester v. White*, 484 U. S. 219, 227-229 (1988); *Stump v. Sparkman*, 435 U.S. 349 (1978).  The Plaintiffs' allegations against Defendant Rogers are based on actions she took while acting in her judicial capacity. Therefore, she is entitled to absolute immunity. "Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all justification," *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005) (quoting *Bolton v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (citations omitted).  *Accord, Stump*, 435 U.S. at 356-57.  "This immunity applies even when the judge's acts are in error, malicious,  or were in excess of his or her jurisdiction." *Sibley*, *supra*.  Any claims the Plaintiffs allege against defendant Rogers clearly implicate acts taken in her judicial capacity for which she

2

is entitled to absolute judicial immunity.    Thus, the Plaintiffs' objections to the Recommendation are due to be overruled.

### B.  Defendant Castleberry's Objections

The Court now turns to Defendant Castleberry's objection to the Recommendation. Defendant Castleberry asserts that the Magistrate Judge erred in denying her motion to dismiss, (doc. 70), because the Plaintiffs failed to state a claim of slander per se against her and their claim of civil conspiracy is insufficiently pled and fails as a matter of law.  (*Id.*). Pursuant to 28 U.S.C. § 636(b)(1), the Court "may accept, reject, or modify" the Magistrate Judge's Recommendation.  After careful review of the record, the Court concludes that Defendant Castleberry's objections are due to be sustained, the Recommendation is due to be rejected with respect to Defendant's Castleberry's motion to dismiss, and Castleberry's motion to dismiss is due to be granted.[1]

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.*, at 678.  Conclusory allegations that are merely "conceivable" and fail to rise "above the speculative level" are insufficient to meet the plausibility standard. *Twombly*, 550 U.S. at 555–56.  This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-

---

[1]  While not dispositive, the Court notes that the Plaintiffs did not respond to Castleberry's motion to dismiss.  Instead, the Plaintiffs filed a motion for summary judgment that did not address any claims against Castleberry.

me accusation." *Iqbal*, 556 U.S. at 678.   Indeed, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*.

In their second amended complaint, (doc. 18), the Plaintiffs allege that "Castleberry impeded the investigation by providing false, incomplete, misleading, and/or inaccurate information to Benbow." (*Id.* at 6, para. 26).   Specifically, the Plaintiffs allege that Castleberry said, "I've got two guys in my office fighting, right now" and "you can take them both to jail."   (*Id*.)   The Plaintiffs allege those statements were false and made "willfully, maliciously, in retaliation against Mr. Youngblood and with the intent to harm him." (*Id*. at 6, para. 27).   Based on the allegation that Castleberry stated that Youngblood "was fighting," the Plaintiffs allege a claim of slander per se against her.

To assert a claim of slander per se, the Plaintiffs must allege facts that the allegedly slanderous statements involved accusations of infamy or moral turpitude.

> [I]t is clear from our decisions that in a slander action, to constitute slander actionable per se, the alleged slander must impute an indictable offense involving infamy or moral turpitude. *Marion v. Davis,* 217 Ala. 16, 114 So. 357, 55 A.L.R. 171 (1927), quoted with approval in *Tonsmeire v. Tonsmeire,* 281 Ala. 102, 199 So.2d 645 (1967).

*Cottrell v. Nat'l Collegiate Athletic Ass'n*, 975 So. 2d 306, 345 (Ala. 2007).   Infamy is defined as "[a] qualification of a man's legal *status* produced by his conviction of an infamous crime and the consequent loss of honor and credit," and "[m]oral turpitude signifies an inherent quality of baseness, vileness, depravity."   *Id*. at 345–46 (emphasis in original).   The Plaintiffs allege no facts that any of Castleberry's communications could

constitute infamy or moral turpitude under Alabama law.  Even assuming that Castleberry's statement that Youngblood "was fighting" is false, the statement does not rise to the level of slander per se under Alabama law.[2]

Moreover, merely stating that the statement was made "maliciously" is nothing more than a legal conclusion entitled to no deference by the court.  *Iqbal*, 556 U.S. at 680.  In *Twombly*, the Supreme Court emphasized that a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  550 U.S. at 555.  The Plaintiffs must do more than simply assert that they are entitled to relief from Castleberry and this they fail to do.  The Plaintiffs' allegations of slander per se against Castleberry are wholly insufficient under *Twombly, supra*, and therefore, due to be dismissed.

The Plaintiffs' claim of civil conspiracy for malicious prosecution against Castleberry also fails as a matter of law.  Under Alabama law, to state a claim for civil conspiracy, the Plaintiffs must allege that two or more persons combined "to do: (a) something that is unlawful; [or] (b) something that is lawful by unlawful means." *Purcell Co., Inc. v. Spriggs Enters., Inc.*, 431 So. 2d 515, 522 (Ala. 1983) (bracket added).  The Plaintiffs allege that Castleberry engaged in a civil conspiracy with other defendants to maliciously prosecute Youngblood.  (Doc. 18 at 37, paras. 201-203).  Notably, the Plaintiffs do not make a claim of malicious prosecution against Castleberry.

---

[2] Because the Court sustains Castleberry's objections, the Court pretermits discussion of her other objections to the Recommendation of the Magistrate Judge.

Although the Plaintiffs allege "[u]pon information and belief, Rogers, Benbow, Peagler, Chief Cook and Castleberry had an agreement on the court of action to be taken in furtherance of the conspiracy," (*id*. at 38, para. 204), they fail to allege any facts to support this vague assertion.   After disregarding conclusory and speculative "upon information and belief" statements,[3] the Court concludes that the Plaintiffs have failed to sufficient plead a civil conspiracy claim against Castleberry.

> Under Alabama law the gist of an action for conspiracy . . . is not the conspiracy itself, which furnishes no cause of action, but the alleged wrong committed by the conspirators. *O'Dell v. State*, 270 Ala. 236, 117 So.2d 164, 168 (1959). In order for there to be liability for conspiracy, there must be an "actionable wrong." *Stuart Construction Co. v. Vulcan Life Insurance Co*., 291 Ala. 650, 285 So.2d 920, 923 (1973).

*Griese-Traylor Corp. v. First Nat. Bank of Birmingham*, 572 F.2d 1039, 1045 (5th Cir. 1978).

The Plaintiffs do not allege a claim of malicious prosecution against Castleberry. Consequently, they have failed to state a claim for civil conspiracy against her.   "[I]f the underlying wrong provides no cause of action, then neither does the conspiracy." *Jones v. BP Oil Co.*, 632 So. 2d 435, 439 (Ala. 1993).

Defendant Castleberry's motion to dismiss is due to be granted.

---

[3] The Court is not required to accept as true the Plaintiff's conclusory "upon information and belief" statements without more factual information. *Mann v. Palmer*, 713 F.3d 1306, 1315 (11th Cir. 2013) (citing *Twombly*, 550 U.S. at 551 (declining to take as true the conclusory allegation "upon information and belief" that the companies had entered a conspiracy without enough facts to take that statement plausible)).

## CONCLUSION

Accordingly, for the reasons as stated, and for good cause, it is

ORDERED as follows that:

1.      the Recommendation of the Magistrate Judge is ADOPTED with respect to Defendant Rogers' motion to dismiss and REJECTED with respect to Defendant Castleberry's motion to dismiss;

2.      Defendant Rogers' motion to dismiss (doc. 49) is GRANTED, and the claims against her are DISMISSED;

3.      Defendant Castleberry's motion to dismiss (doc. 50) is GRANTED and the claims against her are DISMISSED;

4.      Defendant Castleberry's motion for summary judgment (doc. 50) is DENIED as moot.

6.      The Plaintiffs' motion for summary judgment (doc. 57) is DENIED without prejudice; and

7.      this case is referred back to Magistrate Judge for further proceedings.

Done this 14th day of September, 2021.

             /s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE