IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ERIC C. YOUNGBLOOD, SR., *et al.*, )<br>)<br>    Plaintiffs, )<br>)<br>v. )<br>)<br>CITY OF GEORGIANA, ALA., *et al.*, )<br>)<br>    Defendants. ) | CIVIL ACT. NO. 2:19-cv-1072-ECM<br>(WO) |

**MEMORANDUM OPINION and ORDER**

Now pending before the Court is Defendant Tonya Castleberry's ("Castleberry") motion for entry of final judgment (doc. 106) filed on February 18, 2022. Castleberry requests entry of final judgment pursuant to Fed. R. Civ. P. 54(b). (*Id.*).

On September 14, 2021, the Court granted Castleberry's motion to dismiss (doc. 50) and dismissed all claims against her. (Doc. 74). Thereafter, the Plaintiffs filed a notice of interlocutory appeal (doc. 83) challenging the dismissal. The Court construed the notice of appeal as containing a motion to certify a question for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) and denied the motion. (Doc. 92). This contentious litigation continues against the remaining defendants.

Federal Rule of Civil Procedure 54(b) provides, in pertinent part:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the

> parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

*Id*. "The Rule provides an exception to the general principle that a final judgment is proper only after the rights and liabilities of all the parties to the action have been adjudicated." *Ebrahimi v. City of Huntsville Bd. Of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997).

In her motion for entry of final judgment, Castleberry contends that "there is no just reason for delay" as to her, and equity considerations weigh in her favor. (Doc. 106 at 5–7).

> "A district court must follow a two-step analysis in determining whether a partial final judgment may properly be certified under Rule 54(b)." *Lloyd Noland Found., Inc. v. Tenet Health Care Corp.*, 483 F.3d 773, 777 (11th Cir. 2007). The court must determine (1) whether "its final judgment is, in fact, both 'final' and a 'judgment'"; and (2) whether there is "just reason for delay" in certifying the order as immediately appealable. *Id.* An order is "final" if it "disposes entirely of a separable claim or dismisses a party entirely." *In re Se. Banking Corp.*, 69 F.3d 1539, 1547 (11th Cir. 1995). It is a "judgment" if "it is a decision upon a cognizable claim for relief." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980). When determining whether there is no just reason for delay, the district court should consider "judicial administrative interests—including the historic federal policy against piecemeal appeals—and the equities involved." *Lloyd Noland Found.*, 483 F.3d at 778 (cleaned up).

*Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714, 722 (11th Cir. 2021).

The granting of Castleberry's motion to dismiss constitutes a final judgment for purposes of Fed. R. Civ. P. 54(b) because all claims against Castleberry were dismissed in their entirety.

Thus, the Court turns to "whether there is any just reason to delay the appeal of individual final judgments." *Ebrahimi*, 114 F.3d at 165. Castleberry asserts that the claims against her are "independent of, and separable to" the Plaintiffs' remaining claims. (Doc. 106 at 5). While the claims may be separable to a large enough degree, "the same operative facts serve as the basis for each legal theory advanced by [the Plaintiffs]." *Id*. at 167.

Moreover, this Court recognizes that the "limitation of piecemeal appeals [is] an essential purpose served by postponing final disposition" of claims, even if party wishes to appeal. *Doe # 1,* 21 F. 4th at 722; *Ebrahimi*, 114 F.3d at 168. This is not an extraordinary case that requires Rule 54(b) certification.

> Rule 54(b) certifications "must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." *Morrison-Knudsen Co. v. Archer,* 655 F.2d 962, 965 (9th Cir.1981) (Kennedy, J.). Recognizing that such circumstances will be encountered only rarely, we have previously counseled district courts to exercise the limited discretion afforded by Rule 54(b) conservatively.

*Ebrahimi*, 114 F.3d at 166.

While Castleberry asserts that the delay adversely affects her, "await[ing] the disposition of the entire case before obtaining appellate review" will not inflict "any unusual hardship" on her. *Ebrahimi*, 114 F.3d at 168. Rather, the interests of judicial

3

administration and the avoidance of piecemeal litigation outweigh Castleberry's equitable concerns. Accordingly, for the reasons as stated, it is

ORDERED that the Defendant's motion for entry of final judgment (doc. 106) is DENIED.

DONE this 29th day of April, 2022.

                                            /s/ Emily C. Marks
                                      EMILY C. MARKS
                                      CHIEF UNITED STATES DISTRICT JUDGE