IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ERIC C. YOUNGBLOOD, SR., *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v.   ) | CIVIL ACT. NO. 2:19-cv-1072-ECM |
| ) | (WO) |
| CITY OF GEORGIANA, ALA., *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION and ORDER**

Now pending before the court is the Plaintiffs' motion to reconsider (doc. 148) filed on October 11, 2022. For the reasons that follow, the Court concludes that the motion is due to be denied.

On September 14, 2021, the Court entered a Memorandum Opinion and Order granting Defendant Rogers' motion to dismiss (doc. 74). As the Court explained, "[a]ny claims the Plaintiffs allege against defendant Rogers clearly implicate acts taken in her judicial capacity for which she is entitled to absolute judicial immunity." (*Id*. at 2–3).

In their motion to reconsider, the Plaintiffs do not specify under which rule they are proceeding but assert that "Rogers (sic) judicial immunity claim is unconstitutional, as a matter of federal law," which suggests that they are relying on Fed. R. Civ. P. 59(e). (Doc. 148 at 1) (internal quotations omitted). The Court notes that the Plaintiffs' motion for reconsideration is not aimed at a final judgment, but rather the granting of a motion to dismiss. Consequently, the Court is not convinced that Rule 59 is an appropriate vehicle

1

under which to travel. Nonetheless, the Court concludes that the motion for reconsideration is due to be denied.

"[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly." *Scharff v. Wyeth*, 2012 WL 3149248 at *1 (M.D. Ala. 2012).

> "Courts have distilled three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Instituto de Prevision Militar v. Lehman Bros., Inc.*, 485 F. Supp. 2d 1340, 1342 (S.D. Fla. 2007) (quoting *Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294, 295 (M.D. Fla. 1993) (internal quotation marks omitted)); *see also Smith v. Ocwen Financial*, 488 F. App'x 426, 428 (11th Cir. 2012) (citing *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) ("The only grounds for granting a motion for reconsideration are newly-discovered evidence or manifest errors of law or fact.")). Newly raised arguments that should have been raised in the first instance are not appropriate on a motion for reconsideration. *See Gougler v. Sirius Prods., Inc.*, 370 F. Supp. 2d 1185, 1189 (S.D. Ala. 2005).

*United States v. Roseman*, 2021 WL 2457997, at *1 (S.D. Fla. May 25, 2021), *report and recommendation adopted,* No. 19-20178-CR, 2021 WL 2453143 (S.D. Fla. June 16, 2021).

Moreover, a party cannot use a motion for reconsideration "to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008). A motion to reconsider is considered an "extraordinary remedy" and should not be a "knee-jerk reaction to an adverse ruling." *Rueter v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 440 F. Supp. 2d 1256, 1267–68 (N.D. Ala. 2006). "To prevail on a motion to reconsider, the moving party must demonstrate why the court should reverse its prior decision by setting forth facts

or law of a strongly convincing nature." *Pin-Pon Corp. v. Landmark Am. Ins. Co.*, 500 F. Supp. 3d 1336, 1342 (S.D. Fla. 2020).

The Plaintiffs do not argue that there is an intervening change in the law, or that they have newly discovered evidence, nor do they offer any new evidence. Rather, the Plaintiffs disagree with the Court's determination that Rogers was entitled to absolute judicial immunity. Their arguments largely mirror those made in their objections to the Defendant's motion to dismiss which the Court addressed in its memorandum opinion overruling their objections. (Doc. 74). A motion for reconsideration is not the mechanism by which the parties may relitigate matters the Court has already addressed. *See Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007). The Court previously found that Defendant Rogers was entitled to absolute judicial immunity, and concludes that the Plaintiffs' motion for reconsideration is merely a rehashing of arguments already addressed by the Court.

More fundamentally, however, the Plaintiffs' motion to reconsider is untimely under Fed. R. Civ. P. 59(e). Accordingly, for these reasons and for good cause, it is

ORDERED that the Plaintiffs' motion for reconsideration (doc. 148) is DENIED.

Done this 20th day of October, 2022.

　　　　　　　　　　　　　　　　　/s/   Emily C. Marks　　　　　　　　　
　　　　　　　　　　　　　　　　EMILY C. MARKS
　　　　　　　　　　　　　　　　CHIEF UNITED STATES DISTRICT JUDGE