IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ERIC C. YOUNGBLOOD, SR., *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACT. NO.  2:19-cv-1072-ECM |
| | ) | (WO) |
| CITY OF GEORGIANA, ALA., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION and ORDER**

Now pending before the Court are the following motions filed by the Plaintiffs: motion to continue (doc. 185); first motion for extension of time to respond to summary judgment (doc. 188); first motion to reopen discovery and to vacate summary judgment (doc. 189); and first motion to reopen discovery and stay summary judgment (doc. 191). The Defendants oppose any extensions. (Docs. 186 and 190).

A detailed procedural history is necessary to understand the posture and context of the pending motions. The Plaintiffs filed this action *pro se* on December 23, 2019. (Doc. 1). The first amended complaint was filed on January 2, 2020. (Doc. 5). On June 1, 2020, the Plaintiffs filed a second amended complaint. (Doc. 18). Defendants Benbow, City of Georgiana, Cook and Peagler answered the second amended complaint on July 31, 2020. (Doc. 48). After the Court resolved a pending motion to dismiss filed by Defendants Rogers and Castleberry, (doc. 74), the Court ordered the filing of a Rule 26(f) planning meeting report. (doc. 75). Immediately thereafter, the Plaintiff filed an interlocutory appeal challenging the dismissal of Defendants Castleberry and Rogers. (Docs. 83 and

85).  The appellate court dismissed the appeal *sua sponte* for lack of jurisdiction.  (Doc. 102).

After a scheduling conference, the parties filed a joint Rule 26(f) planning meeting report.  (Doc. 95).  On November 15, 2021, the Court entered a scheduling order that set a discovery deadline of October 24, 2022, and a dispositive motions deadline of December 19, 2022.¹  (Doc. 98).

Discovery commenced but not without disputes. On March 28, 2022, the Defendants filed a motion to compel discovery responses (doc. 119) which was ultimately withdrawn by the Defendants after they received discovery from the Plaintiffs.  *See* Docs. 134 and 135.  On September 23, 2022, the Defendants filed a motion seeking guidelines and parameters for the Plaintiffs' depositions.  (Doc. 144).  On October 14, 2022, the Court entered an order requiring the depositions of the Plaintiffs to be held at the federal courthouse in Montgomery, Alabama on October 20 and 24, 2022.  (Doc. 149).

On October 21, 2022, the Plaintiffs filed a motion for an extension of time to depose the defendants by telephone.  (Doc. 154).  On November 21, 2022, the Plaintiffs filed notices of intent to serve subpoenas to secure deposition testimony and requests for production of documents.  (Doc. 167, 168, 169, and 170).  On November 28, 2022, the Defendants objected to and filed a motion to quash the Plaintiffs' deposition subpoenas and requests for production of documents.  (Doc. 172).  On December 5, 2022, the

---

¹ At the scheduling conference, the parties agreed to these dates.

Defendants filed a supplemental objection and a motion to quash subpoenas issued to Beverly Rogers. (Doc. 176).

On December 6, 2022, the Plaintiffs filed a motion for an extension of time to respond to the Defendants' motion to quash. (Doc. 178).

On December 7, 2022, the Court heard oral arguments on the pending motions. At the conclusion of the hearing, the Court denied the Plaintiffs' motion for an extension of time to depose the Defendants because the "Plaintiffs have not shown good cause for extending the discovery deadline." (Doc. 179). The Court specifically noted that

> [b]oth plaintiffs stated on the record today that they did not pursue depositions prior to the discovery cutoff date because they did not believe depositions were necessary. The mere fact that the plaintiffs have changed their discovery strategy on the eve of the discovery cutoff does not establish good cause and certainly does not show due diligence in the pursuit of discovery prior to the cutoff date. *See* Guidelines To Civil Discovery Practice In The Middle District Of Alabama, § I(H) ("Even though the Court may occasionally allow additional discovery upon motion, such permission should not be expected. . . . [A]n extension is normally made upon a showing of good cause (including due diligence in the pursuit of discovery prior to the cutoff date) . . .").

*Id*. at n.1

The Court further granted the Defendants' motions to quash the subpoenas as untimely. *Id*. at 2.

On December 19, 2022, the Defendants filed a motion for summary judgment and memorandum in support thereof. (Docs. 181 and 182). On December 20, 2022, the Court

ordered the Plaintiffs to respond to the motion for summary judgment on or before January 9, 2023. (Doc. 183).

On December 24, 2022, Attorney Van Daniel filed a notice of appearance on behalf of the Plaintiffs,[2] (doc. 184), and filed the first motion to continue. (Doc. 185). In the motion, counsel represented to the Court that he had been retained by the Plaintiffs on December 23, 2022, and he requested the Court "enter an order to continue the case from its current setting." (Doc. 185 at 2).

On January 5, 2023, the Plaintiffs filed a motion for an extension of time to respond to summary judgment. (Doc. 188). In the motion, the Plaintiffs requested twenty-one (21) days from January 9, 2023, to respond to the summary judgment motion. (*Id*). On January 6, 2023, the Plaintiffs filed a motion to reopen discovery and vacate summary judgment. (Doc. 189). According to the Plaintiffs, "Plaintiffs' attorney needs more time to thoroughly research the case and receive the discoverable items and to conduct depositions and issue out interrogatories to the defendants plus the witnesses." (*Id*. at 8). On January 9, 2023, the Plaintiffs filed a motion to reopen discovery and stay summary judgment (doc. 191) requesting again "an order to re-open discovery to provide the Plaintiff's newly retained attorney time to depose the defendants who possess information crucial to the Plaintiffs'

---

[2] Up to this point, the Plaintiff had proceeded *pro se*.

case and to stay the summary judgment motion until proper discovery is done for this case."[3] (*Id.*).

The Defendants oppose any extensions of time. (Docs. 186 and 190).

Although the Plaintiffs assert that their newly retained attorney needs additional time to conduct discovery and research this case, they offer no cogent reason for the delay in retaining counsel. This case was filed on December 23, 2019, (doc. 1), and it was not until three years later, on December 23, 2022, that the Plaintiffs retained counsel. (Doc.185). The Plaintiffs offer no explanation as to why they did not diligently pursue retaining counsel before December 23, 2022.

The Court entered a scheduling order on November 15, 2021, setting a discovery deadline of October 24, 2022. (Doc. 98). At the hearing on December 7, 2022, the Plaintiffs admitted that they made a strategic decision to not pursue discovery. The Plaintiffs offer no other reason why they did not complete discovery prior to the expiration of the discovery period. Thus, the Court concludes they have failed to demonstrate good cause for failing to adhere to the Court's discovery deadline.

Notwithstanding the foregoing, the Court concludes that a short extension to respond to the Defendants' motion for summary judgment is warranted.

---

[3] In both motions to reopen discovery (docs. 189 and 191), the Plaintiffs complain that defense counsel did provide them a copy of Plaintiff Melissa Youngblood's deposition. The Plaintiffs provide the Court with no authority that defense counsel has an obligation to provide a *pro se* plaintiff with a copy of her deposition. Presumably, the Plaintiffs could have, and still may, purchase a copy from the court reporter.

Accordingly, it is

ORDERED that the Plaintiffs' motion to continue (doc. 185), motion to reopen discovery and vacate summary judgment (doc. 189), and motion to reopen discovery and stay summary judgment (doc. 191) are DENIED. It is further

ORDERED that the Plaintiffs' motion for an extension of time to respond to summary judgment (doc. 188) is GRANTED to the extent that:

1. The Plaintiff shall file a response to the motion on or **January 23, 2023**.

2. The Defendant may file a reply on or before **January 30, 2023**.

Should the Court determine that oral argument is necessary, the Court will schedule argument by order. Any documents or evidence filed after this date will not be considered by the Court except in exceptional circumstances.

DONE this 12th day of January, 2023.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE