IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ERIC C. YOUNGBLOOD, SR., *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v.     ) | CIVIL CASE NO. 2:19-cv-1072-ECM |
| ) | [WO] |
| CITY OF GEORGIANA, ALA., *et al.*, ) | |
| ) | |
| Defendants. ) | |

**O R D E R**

Now pending before the Court are the Plaintiffs' motions to proceed *in forma pauperis* ("IFP") (docs. 221, 229) and amended motions for leave of transcripts at government expense (docs. 225, 226). Upon consideration of the motions, and for the reasons explained below, the motions are due to be denied.

**LEGAL STANDARD**

Under 28 U.S.C. § 1915, courts may permit a party to prosecute a civil action, proceeding, or appeal "without prepayment of fees" upon a showing that the person is unable to pay such fees. District courts have "wide discretion in denying an application to proceed IFP under 28 U.S.C. § 1915." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (per curiam) (quoting *Flowers v. Turbine Support Div.*, 507 F.2d 1242, 1244 (5th Cir. 1975)).[1] "[P]roceeding *in forma pauperis* is a privilege, not a right,"

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

*Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986), and courts "should grant the privilege sparingly" in civil cases for damages, *Martinez*, 364 F.3d at 1307 (quoting *Flowers*, 507 F.2d at 1244). In considering an IFP motion, the Court must determine "whether the statements in the affidavit satisfy the requirement of poverty." *Id.* (citation omitted). But the Court may look beyond the IFP motion to determine a party's financial condition. *Durrett v. Jenkins Brickyard, Inc.*, 678 F.2d 911, 917 (11th Cir. 1982).

Additionally, 28 U.S.C. § 753(f) provides that "[f]ees for transcripts furnished in other proceedings to persons permitted to appeal in forma pauperis shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)."

## DISCUSSION

The Plaintiffs seek to proceed *in forma pauperis* and to obtain copies of transcripts from certain proceedings in this Court at the government's expense. The Court will first recount certain relevant procedural history before turning to the Plaintiffs' motions.

When this lawsuit was originally filed, Plaintiff Eric Youngblood was the only plaintiff. (*See* doc. 1). Proceeding *pro se*, Mr. Youngblood moved to proceed IFP, and his IFP application reflected only his income and expenses. (Doc. 2). That motion was granted. (Doc. 12). In a subsequent amended complaint, Plaintiff Melissa Youngblood was added as a plaintiff. (Doc. 18).

On September 20, 2023, the Court entered a Memorandum Opinion and Order granting the Defendants' motion for summary judgment, as well as a Final Judgment dismissing the case with prejudice. (Docs. 205, 206). The Plaintiffs filed a *pro se* notice

of appeal on September 26, 2023. (Doc. 207). The record reflects that the Plaintiffs paid the $505.00 appellate filing fee the same day. (Doc. 208).

In their amended motions for leave of transcripts, the Plaintiffs represent to the Court that the estimated total cost for the transcripts they seek is between $400.00 and $700.00. (Docs. 225, 226).

On October 30, 2023, the Plaintiffs filed their first motion to proceed IFP. (Doc. 221). The Plaintiffs filed a second motion to proceed IFP on November 13, 2023. (Doc. 229). In the October 30 motion, which was signed by Plaintiff Eric C. Youngblood, Sr. and Plaintiff Melissa Youngblood, the Plaintiffs claim total monthly income of $4,840.00 ($940.00 + $3,900.00) and monthly expenses of $5,069.07 ($1,267.89 + $3,801.18). (*See* doc. 221 at 2, 5). In the November 13 motion, which was signed only by Plaintiff Melissa Youngblood, the Plaintiffs claim total monthly income of $4,840.00 ($940.00 + $3,900.00) and monthly expenses of $5,169.07 ($1,267.89 + $3,901.18). (Doc. 229 at 2, 5). Thus, the monthly expenses claimed in November 13, 2023, are $100.00 greater than the expenses claimed on October 30, 2023.

The Court will assume without deciding that the greater amount listed in the November 13 motion—$5,169.07—accurately reflects the Plaintiffs' monthly expenses. Subtracting the Plaintiffs' expenses—$5,169.07—from their income—$4,840.00—yields a monthly deficit of $327.07.

According to the United States Department of Health and Human Services, the poverty level for 2023 for a two-person household is $19,720.00 per year, or $1,643.33 per

3

month.² Thus, the Plaintiffs' income is nearly three times the poverty level. Although not dispositive, *see Thomas v. Chattahoochee Jud. Cir.*, 574 F. App'x 916, 916–17 (11th Cir. 2014) (per curiam), this fact militates against a finding that the Plaintiffs are unable to afford the costs of prosecuting this action.

Material to the Court's analysis is the Plaintiffs' recent payment of the $505.00 appellate filing fee. (Doc. 208). This payment demonstrates that the Plaintiffs have some cash flow which can be applied towards the costs of prosecuting their appeal, notwithstanding their claimed monthly deficit. Moreover, the estimated total cost for the transcripts the Plaintiffs seek is between $400.00 and $700.00, which is close to the amount the Plaintiffs recently paid towards the filing fee. On this record, the Court in its discretion finds that the Plaintiffs have failed to show that they are unable to pay the fees necessary to prosecute this action. Consequently, the Plaintiffs' motions to proceed IFP are due to be denied. Because they have not been permitted to proceed IFP, they also are not entitled to have the government pay the costs of the transcripts pursuant to 28 U.S.C. § 753(f).³

## CONCLUSION

For the reasons stated, and for good cause, it is

ORDERED that the motions to proceed *in forma pauperis* (docs. 221, 229) and amended motions for leave of transcripts at government expense (docs. 225, 226) are DENIED.

---

² U.S. DEP'T OF HEALTH & HUM. SERVS., *HHS Poverty Guidelines for 2023*, https://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines (last visited November 14, 2023).

³ The Court expresses no view as to whether the appeal is frivolous.

DONE this 15th day of November, 2023.

                                    /s/ Emily C. Marks
                                EMILY C. MARKS
                                CHIEF UNITED STATES DISTRICT JUDGE